Houck, J.
This is a proceeding in error prosecuted from the common pleas court of Tuscarawas county to this court, where it is sought to reverse 'the judgment of the court of common pleas. The plaintiffs in error were the defendants in the lower court, and the defendants in error were the plaintiffs.
The petition of the plaintiffs below sets forth three causes of action, being in substance as follows:
*406 First. That for many years prior to March, 1909, there was a bridge across the Tuscarawas river, in Warwick township, Tuscarawas county, Ohio, belonging to and maintained by said county; that the same had become dangerous for public travel, by reason of decay, etc.; that it was condemned for public travel by the county, commissioners of said county; that said bridge was an important one and much used for public travel; that plans were ordered prepared by said county commissioners for a new concréte bridge at or not far from the point where the old bridge stood; that plans and specifications were prepared for a new bridge, bids advertised for, etc.; that plaintiffs bid on same, and being the lowest bidders were awarded the contract for said new bridge; that bonds were sold as provided by law, and a written contract entered into with plaintiffs for the construction of said bridge for the sum of $31,-196.77; that plaintiffs executed the proper bond; that the plans and specifications, contract and! bond, each and all, were approved by the prosecuting attorney of said county, and everything in the premises required by law to be done was done by plaintiffs; that thereupon the plaintiffs entered upon the execution thereof, and obtained a large quantity of materials which they used therein, and employed a large amount of labor in and! about the work of building and constructing said-bridge; that on October 27, 1909, the county engineer, Edward Stingle, the agent of the -defendants, and who was authorized to inspect, approve and accept said work, materials, etc., approved an estimate to the amount of $602.52; *407 that same was done under the terms of said written contract; and that defendants refused to pay the same, wherefore plaintiffs pray for judgment for said $602.52, at six per cent, interest from October 27, 1909.
Second. Plaintiffs pray judgment for a second estimate of $776.10 at six per cent, from December 10, 1909.
Third. That in addition to the estimates set out in the first ánd second causes of action they expended the sum of $15,000 under said contract in and about the work and materials used and in the necessary preparation to carry on said work; that plaintiffs were ready and willing to carry out their part of the contract, but defendants refused to permit them to do so and have notified plaintiffs to cease work upon said contract and have compelled them to abandon their work; and that no part of said materials furnished or work done by them has been paid for, by reason whereof they pray for judgment for $13,618.38, with interest from December 10, 1909.
Wherefore, plaintiffs ask for a judgment in the sum of $15,000 with interest.
The answer admits certain allegations in the petition, but the defendants rely upon the following defenses:
1. That the new .bridge was not being built at the particular point where the old bridge stood.
2. That the plaintiffs did-not expend the money claimed by them to be expended, and that they had not furnished the materials and had not done the work claimed by them.
*408 3. That the contract was not approved as required by law, and the letting of same had not been properly advertised. ■
The reply filed by plaintiffs is in the nature of a general denial of all allegations of the answer inconsistent with the allegations of the plaintiffs’ petition.
Upon these pleadings and the evidence the cause was submitted to a jury, and a verdict rendered in favor of the plaintiffs in the sum of $10,663.84. A motion for a new trial was filed, heard and overruled, and a judgment entered on the verdict.
The plaintiffs in error seek a reversal of the judgment below upon numerous grounds, as set forth in their petition in error, but in oral argument their counsel seem to rely upon the following grounds:
1. That the trial judge erred in overruling the demurrer to the petition.
2. Because no handbills had been circulated, and the proper notice had not been given of the fact that a new bridge was to be constructed.
3. For the reason that the bridge was not constructed at the point or place of the old bridge.
4. That the court erred in giving special written requests Nos. 2, 3 and 4, before argument, as requested by plaintiffs below.
5. That the court erred in refusing to give written request No. 1, before argument, as requested by defendants.
6. That the court erred in its general charge to the jury.
7. That the verdict of the jury was against the manifest weight of the evidence.
*409 As to alleged errors 1, 2 and 3, we will say that this cause has heretofore been before this court on a demurrer to the petition, which involved the same questions, and the court having overruled the demurrer we do not think it necessary to discuss the same further than to say that we still adhere to our former holding and judgment in overruling said demurrer to the petition in this case.
As to the fourth ground of alleged error, special written- requests Nos. 2, 3 and 4, given before argument at the request of the plaintiffs below, we find upon examination that each and all of them are correct propositions of law, clearly applicable to the facts in the present case, and that the court committed no 'error in giving them to the jury.
In passing, we will say that it is the duty of a trial judge, when requested to do so by either party before argument, to give to the jury special written requests as to the law applicable to the facts and the issues to be determined in the case, and if they are proper to be given they must be given without comment on the part of the court.
From an examination of the record in this case we find that the trial judge made comments upon these requests, and stated to the jury that they might be modified by what he might say in his general charge. The court said:
“But I will charge a part of the plaintiffs’ requests with the distinct understanding that something I might say, and it might be considerable, in the general charge, that will be delivered to you after the argument, must be taken into consideration in connection with that which I am about' to *410 charge before argument. What I now say to you, in charging you before argument, I want you to distinctly understand is not conclusive; that I might say something more on these propositions, in addition thereto, that may considerably modify them and put them in a new light.”
After the court had given these special charges he continued as follows:
“Now, as I have said before, in what I might have to say in the general charge after some considerable modification of this, or possibly-additions thereto, will necessarily creep .in.”
We hold that it was the duty of the court to give or refuse these propositions of law as they were presented to it, without any change or modification, and without any reference to what the court might or might not do in its general charge with reference to modifying the same. It was error on the part of the court to comment upon these propositions of law, but as the error was against the prevailing party, it of course was not prejudicial.
Coming now to the fifth error complained of, Did the court err in refusing to give special request No. 1, before argument, as requested by the defendants below?
From an examination of this request it is our opinion that the evidence sought by it to be excluded from the jury was irrelevant and wholly immaterial to a proper determination of the issues raised by the pleadings. But how could the plaintiffs in error be prejudiced by the trial court permitting testimony to go to the jury concerning an issue or issues that were not in the case?
*411 Sixth ground of alleged error: Did the court err'in its general charge to the jury? We have examined the general charge of the court with much care, and, while we find some technical errors, yet upon the whole it fully covers the propositions of law applicable to the facts as shown by the evidence, and we find no error therein prejudicial to the rights of the plaintiffs in error.
Seventh ground of alleged error: Was the verdict of the jury against the manifest weight of the evidence, and did the court err prejudicially against the rights of the plaintiffs in error in overruling the motion for a new trial and entering a judgment on the verdict?
The bill of exceptions in this case contains about six hundred pages of typewritten matter, and we have spared neither time nor labor in reading the testimony of the witnesses, and in an examination of the exhibits, attached thereto. We have done this in order to satisfy ourselves as to whether or not the judgment is supported by sufficient evidence, and we do not hesitate to say that we are fully satisfied that it is; and we therefore find that the judgment is not against the manifest weight of the evidence.
From an examination of the whole record we find therein no error prejudicial to the rights of the plaintiffs in error, and, further, finding that substantial justice has been done to ■ all parties to this suit, we hold that the iudgment below should be affirmed. '

Judgment affirmed.

Shields and Powell, JJ., concur.