as one that does contain such a specific pledge. It is possible that a specific pledge of the rents and profits may reach rents and profits accruing before condition broken, while it is clear that a mortgage without such special pledge does not reach rents accruing prior to the maturity of the instrument. Such a case is not before us and we do not undertake to decide it.

This case has reached this court both by appeal and by a proceeding in error. It has been heard upon appeal. In the appeal case an entry will be made in favor of the Fidelity Mortgage Company, and the cause will be remanded to the common pleas court for execution. The proceeding in error will be dismissed.

*Decree for plaintiff.*

MIDDLETON, P. J., concurs.

Judges MIDDLETON and MAUCK, of the Fourth Appellate District, and Judge FARR, of the Seventh Appellate District, sitting in place of Judges VICKERY, LEVINE and SULLIVAN, of the Eighth Appellate District.

THE PREMIER SERVICE CO. *v.* SEFTON.

(Decided July 14, 1924.)

*Messrs. DeCamp, Sutphin & Brumleve,* for plaintiff in error.

*Mr. Amos Foster,* for defendant in error.

BUCHWALTER, J. This is a negligence case. It would serve no purpose to give a statement of the facts, or to outline the issues, further than to say that one of the issues was that of contributory negligence.

Various points are raised, but the only one necessary for consideration is as to the right of a court, without request, to give special charges to the jury before argument.

At the close of all the evidence counsel for defendant requested the court to give to the jury before argument the following written special charge, to wit:

"The court charges you that the plaintiff cannot recover if you find that she was guilty of negligence that directly contributed in the slightest degree to the injury sustained."

The court refused to give this charge. This was

error under the decision of *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94.

No other special charge was requested by either party.

The court then gave a special charge to the jury, which was in all respects similar to the charge requested, except that, instead of the words "the slightest," the court substituted the word "any." It is contended that this was error.

Section 11447, paragraph 5, General Code, provides for the giving of special charges, and is as follows:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

Paragraph 7 of the above section provides that the charge of the court shall be given after argument.

It has been repeatedly held that special charges must be given as submitted without modification, or entirely refused, *Schatzinger Consolidated Realty Co.* v. *Stonehill,* 19 C. C. (N. S.), 403, 405, 29 C. D., 587; *Commissioners* v. *Swanson,* 7 Ohio App., 405; and, further, it has been held that the giving of the special charge is mandatory, if the charge correctly states the law, and is pertinent to one or more of the issues, unless the matter has been covered by another special charge so requested, *Chesrown* v. *Bevier, supra.*

Counsel urge that, as the court gave its own special charge, this subject had been fully covered, and therefore it was not error to refuse the defendant's special charge.

Simply stating this proposition shows to what length it might lead.

The court could, in every instance where special charges are requested, refuse to give them, and instead give charges in language more satisfactory to the court, upon all matters raised by the special charges requested by counsel. This would absolutely nullify the provision in Section 11447, above set forth.

We heartily disapprove of the practice of deliberately using a term in a charge, and asking that it be given by the trial court, which the Supreme Court has said is the law, but not the best statement of it, and to support the charge resorting to the very case wherein the Supreme Court at least frowns upon the expression "the slightest degree of negligence."

We would be inclined to affirm the judgment on the ground of substantial justice, but the mandatory provision of Section 11447 is of such importance in the trial of cases that it seems necessary to rule without uncertainty on this point.

The Code provides that special charges requested by counsel, before argument, shall be given or refused, and there is no provision, save on request of counsel for a charge in writing, authorizing the court to give its own charges prior to argument. *Cleveland & Elyria Electric Rd. Co.* v. *Hawkins,* 64 Ohio St., 391, 60 N. E., 558.

For this reason the cause is reversed, and remanded for a new trial.

*Judgment reversed and cause remanded.*

Cushing and Hamilton, JJ., concur.