### HARRY N. HUGHES vs. THE NEW HAVEN TAXICAB COMPANY.

Third Judicial District, New Haven, June Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The operation of a motor-vehicle by an unlicensed person sixteen years old or more is allowable under § 5 of chapter 85 of the Public Acts of 1911 when such person is "accompanied by" a licensed operator. *Held* that a compliance with this provision required that the licensed operator should be in such proximity to the unlicensed driver of the car as to be able to furnish, with reasonable promptness, such advice and assistance as might be necessary for its safe operation; and that the question whether this requirement was or was not satisfied by the presence of a licensed chauffeur on the rear seat of the car, was one of fact for the ultimate decision of the jury upon all the attendant circumstances, and not one of law for the court.

Argued June 6th—decided July 30th, 1913.

ACTION to recover damages for injuries to the plaintiff's automobile, and for expenses incurred by the plaintiff in consequence of personal injuries received by. his daughter, all of which were alleged to have been caused by the negligence of the defendant's servant while driving another automobile, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Bennett, J.*, from

which judgment he appealed. *Error and new trial ordered.*

*Jacob P. Goodhart* and *Robert C. Stoddard,* for the appellant (plaintiff).

*Edmund Zacher* and *Howard C. Webb,* for the appellee (defendant).

WHEELER, J. The plaintiff sues to recover damages for injuries done his automobile and to his minor daughter by the defendant's agent having negligently driven one of its automobiles against the plaintiff's automobile, which the daughter was operating.

The case was nonsuited upon two grounds: (1) That the plaintiff's automobile at the time of the accident was being operated by the daughter, an unlicensed person, unaccompanied by a licensed operator in violation of § 5 of chapter 85 of the Public Acts of 1911. (2) That upon the facts in evidence the plaintiff was chargeable with the negligence of this licensed operator.

The daughter, Miss Hughes, was an unlicensed operator. In the rear seat of the tonneau at the time of the accident was seated a licensed operator, Nelson.

The negligence of the daughter and the negligence of the licensed operator, if either existed and were imputable to the plaintiff, were issues of fact upon the evidence for the jury.

The vital question upon the nonsuit was whether Miss Hughes, an unlicensed operator, was operating this car at the time of the accident in violation of chapter 85 of the Public Acts of 1911, p. 1333, which provides as follows:—

"Sec. 5. No person shall operate a motor vehicle upon the public highways of this state until he shall have obtained from the secretary a license for that pur-

pose. . . . Nothing herein contained shall prevent the operating of a motor vehicle by an unlicensed person sixteen years of age or more, other than a person whose application has been denied or whose license has been suspended or revoked, if accompanied by a licensed operator, which licensed operator shall be personally liable for any violation of the provisions of this act. . . .

"Sec. 19. No recovery shall be had in the courts of this state, by the owner or operator, or any passenger of a motor vehicle which has not been legally registered in accordance with section two or three of this act, for any injury to person or property received by reason of the operation of said motor vehicle in or upon the public highways of this state; . . . nor shall such recovery be had if the motor vehicle be registered but is being operated by an unlicensed person in violation of section five of this act."

Under these sections of the statute no recovery can be had for the injury sustained by the plaintiff, if his automobile was then being operated by an unlicensed person, unaccompanied by a licensed operator.

As Miss Hughes was unlicensed, the test of the plaintiff's right of recovery is whether or not she was accompanied by a licensed operator. The facts on this branch of the case are undisputed. Miss Hughes sat on the right-hand side of the front seat. Mr. Nelson sat in the tonneau, upon the left-hand side of the rear seat.

The trial court held that the meaning of the word "accompanied" was that the licensed operator should be in such position in the car "that by advice and by immediate manual performance he could if necessary take over the control of the car in an emergency." Assuming this to be the standard, the defendant contends that the licensed operator could comply with this requirement if seated upon the front seat, and not if

seated upon the rear seat, and hence, as matter of law, Mr. Nelson was not accompanying Miss Hughes within the proper interpretation of this statute. On the other hand, the plaintiff contends that "accompanied" means that the licensed operator shall be within such proximity to the unlicensed operator that he can advise or assist the operator with reasonable promptness, and hence each case must depend upon its own circumstances.

The automobile is a dangerous instrumentality of traffic. The legislature knew this, and passed this statute primarily to promote the public safety by requiring the automobile to be operated by a licensed operator, who presumably would be an experienced operator. It also knew that, unless it provided a method by which beginners could learn to operate an automobile, there would be no opportunity for them to acquire skill by practice so that they might qualify as licensed operators. To accomplish this end it provided this necessary exception to the general rule and at the same time endeavored to maintain the public safety by providing for the operation of an automobile by an unlicensed person, if accompanied by a licensed operator, who should be personally liable for any violation of the automobile Act. The language "accompanied by" means that the licensed operator shall be in such proximity to the unlicensed operator of the car as to be able to furnish with reasonable promptness such advice and assistance as may be necessary for the safe operation of the car. The degree of experience of the unlicensed operator would determine the necessity for the advice and assistance, and have much to do with settling the closeness of proximity required. So, too, the mechanism and equipment of the car might determine in a given case that the licensed operator should be by the side of the unlicensed operator, while in another

case such proximity might not be required. In short, ordinarily each case must be decided upon its own facts by the application to those facts of the construction we accord the words "accompanied by." Ordinarily, as in this case, the ultimate decision is one of fact for the jury and not of law for the court. We cannot say, as matter of law, that because Nelson was on the rear seat he was not accompanying Miss Hughes in the sense in which the word is used in this statute. Neither ground of the nonsuit can be justified.

In this case the jury might have found that Miss Hughes did all that ought reasonably to have been done, either by her or by Nelson, if he had been upon the front seat by her side. And so, too, the jury might have found that Nelson, by standing up and leaning over the front seat, might more effectively have manipulated the emergency brake and the steering wheel than if upon the front seat to the left of Miss Hughes.

In the only instance we have discovered where similar language, used in a statute of like purpose, has received interpretation, the court has given the same interpretation we give to the similar language of our statute. *Bourne* v. *Whitman,* 209 Mass. 155, 165, 95 N. E. 404.

There is error and a new trial is ordered.

In this opinion the other judges concurred.