LEE K. ROBINSON *v.* ROY H. LEONARD.

November Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 12, 1926.

*Evidence—Statement of Defendant as to How Accident Happened—Impeachment of Witness—Impeachment of Party—Necessity of Pointing Out Specific Ground of Exception—Cross-examination To Show Interest of Witness—Admissibility of Question as to Witness' Interest Not Affected by Answer Failing To Show Interest—Question for Review—Cross-examination To Show Interest of Witness as Attorney for Insurance Company—Negligence—Joint Enterprise—Status of Person Riding in Automobile at Own Request with Consent of Owner or Driver—General Exception—Motion To Set Aside Verdict—Discretion of Court—Failure To Brief Exception.*

1. In action of tort against driver of automobile in which plaintiff was riding as guest, for injuries sustained by latter in accident, plaintiff's testimony as to statements made to him by defendant while at hospital after accident, indicating how he thought it occurred, *held* admissible against objection that evidence was incompetent, irrelevant, and immaterial.

2. Witness, not a party, may be impeached by statements made by him out of court which are inconsistent with his testimony, when proper foundation therefor has been laid, but they are not evidence to prove fact to be as stated.

3. No foundation need be laid to impeach party by showing statements made out of court inconsistent with his testimony, and such statements are evidence of the fact.

4. In action for injuries received by plaintiff while riding as guest in car driven by defendant, exception to court's charge, relating to statements claimed to have been made by defendant at hospital after accident, on ground that they could not be considered by jury as evidence of how accident occurred, *held* not to point out with sufficient clearness to lower court claim that such statements were mere conjecture or opinion, hence such claim was not for consideration by Supreme Court.

5. In action of tort for injuries received in automobile accident, cross-examination of attorney who participated in investigation of accident, and testified as witness for defendant, as to whether he was acting attorney for insurance company insuring car in question, *held* proper as tending to show witness' interest in subject-matter.

6. That answer of witness to question tending to elicit witness' interest in subject-matter was such as to show no connection with case, does not affect correctness of ruling on admissibility of question.

7. Cross-examination of witness, without objection or exception thereto being made, saves no question for review by Supreme Court.

8. In action of tort for injuries received in automobile accident, cross-examination of witness for defendant as to whether he was attorney for insurance company carrying liability insurance on the automobile involved in accident, *held* proper.

9. In action of tort for injuries received in automobile accident, plaintiff, riding as a guest with permission of owner, *held* not to have been engaged in joint enterprise with defendant, driver of car, and others riding therein, so as to make plaintiff responsible for neglect of any of his associates contributing to injury.

10. Driver of automobile owes to guest riding in car duty of exercising care and prudence that a careful and prudent man would exercise in same circumstances.

11. Person riding in automobile with knowledge and consent of driver or owner is no less a guest because he has asked for privilege of doing so, and same obligation is imposed upon driver as in case of one expressly invited by latter.

12. Status of person riding in automobile at his own request, with consent of driver or owner, is that of guest or invitee.

13. Exceptions to refusal of court to charge as requested in certain numbered requests, by reference to number only, are too general to require attention.

14. Motion to set aside verdict on grounds that it was against evidence and the weight of evidence is directed to sound discretion of trial court.

15. Ground of motion to set aside verdict which is not briefed will not be considered in Supreme Court.

ACTION OF TORT against driver of automobile for personal injuries received by one riding as guest in automobile. Plea, general issue. Trial by jury at the March Term, 1925, Rutland County, *Thompson,* J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. A companion case, *McAndrews* v. *Leonard,* growing out of same accident, and decided at the same term as the instant case, is reported in 99 Vt. 512, 134 Atl. 710. *Affirmed.*

*Webber & Leamy* for the defendant.

*Lawrence, Stafford & Bloomer* for the plaintiff.

BUTLER, J. This is an action of tort, in which the plaintiff seeks to recover damages for personal injuries sustained while riding in an automobile, of which the defendant was the driver. The trial below resulted in a verdict and judgment for the plaintiff, and the case is here upon exceptions by the defendant.

The accident took place on Sunday evening, August 3, 1924, at approximately 8:30 o'clock, on the highway between Rutland and Pittsford. At the place of the accident, the road was straight for about 1,600 feet, about 22 feet in width, and flat with a very slight crown. Tarvia had been recently applied, to a width of 16 to 18 feet, over which fine gravel or sand had been spread, and allowed to harden. On each side of the road were small piles of gravel, for future use on the road, 4 to 6 inches high and about 12 feet apart, placed close to the line of the tarvia and upon the gravel part of the road. On the east side of the road, which would be the left side going toward Rutland, there was a drainage ditch, concealed by long grass.

The exact place of the accident was about 900 feet southerly from the place where the straight part of the road commenced.

At the time of the accident there were riding in the automobile on the front seat, the defendant, who was driving, Mary Franzoni, and Alba Franzoni; on the rear seat, the plaintiff, Attilio Franzoni, who was the owner of the car, and a Miss McAndrews. The presence of these six persons in the car was accounted for as follows: Franzoni was a lieutenant, the defendant, a sergeant, the plaintiff, a private in the National Guard regiment then stationed at Camp Governor Proctor, near Fort Ethan Allen. The day before, Franzoni had been sent by his superior officer to Rutland to obtain some needed camp equipment. He had not been able to get it, and had returned to camp, bringing with him his two sisters, the Misses Mary and Alba Franzoni, and Miss McAndrews. On reaching the camp, he was instructed again to return to Rutland for the same purpose, and to take the defendant, Sergeant Leonard, with him. A twelve hour pass, which was a form of order, was given to each. The plaintiff, meeting Franzoni, asked whether there was room for him, and Franzoni said that there was, and he might ride. Robinson obtained permission to be absent on a twenty-four hour pass. The party left camp between five and six in the afternoon.

Shortly before reaching the scene of the accident, the defendant attempted to pass a car ahead, but failed to do so, and dropped back. He made a second attempt, but before he caught up with the leading car, the wheels of the automobile he was driving encountered something in the road, by reason of which it was pulled to the left, and into the concealed ditch, in which it proceeded for a short distance until it collided with a telephone pole, and the injuries for which recovery is sought were sustained.

The negligence charged in the declaration is traveling at a high rate of speed and swerving out of the road, by reason of which the defendant lost control of the car.

[1] Subject to defendant's objection and exception, the plaintiff was permitted to testify to a conversation with the defendant, while both were in the Rutland hospital, after the accident, in which the defendant said, in substance, that he could not imagine how such a thing could happen, unless he lost control, or unless he might have been going too fast; that the brakes were not just right to his mind; that he could not stop the car after he had got into the ditch; and that he thought he had

plenty of room, but must have misjudged his distance. The objection was that the evidence was incompetent, irrelevant, and immaterial, and while it might be admissible, if the defendant had taken the stand and testified differently, it was not admissible as evidence tending to show how the accident happened.

[2] There was no error in receiving the evidence over this objection. A witness, not a party, may be impeached by giving in evidence statements made by such witness, elsewhere than in court, which are inconsistent with this testimony, the foundation of such impeachment having first been laid by calling the witness' attention to the claimed statement, and questioning him about it. Such statements are impeaching evidence only, and, where the witness is not a party, are not evidence to prove the fact to be as stated. *Law* v. *Fairfield,* 46 Vt. 425; *In re Claflin's Will,* 75 Vt. 19, 52 Atl. 1053, 58 L. R. A. 261.

[3] In the case of a party, however, no foundation need be laid. The statements made by such a one are evidence of the fact. Mr. Wigmore says (Wig Ev. [2 Ed.], par. 1051), "The rule requiring that the witness must have been warned when on the stand, and asked whether he had made the statement about to be offered as a self-contradiction has always been understood not to be applicable to the use of a party's admission, *i. e.,* they may be offered without a prior warning to the party." See, also, *Coolidge* v. *Ayers,* 77 Vt. 448, 453, 61 Atl. 40.

[4] It is now urged that the effect of the testimony is not to state how the accident actually happened, but it was merely conjectural as to how it might have happened; it stated and admitted no fact; at most it was a mere conjecture or an opinion. No exception upon these grounds was taken at the time of the admission of the evidence. It was subsequently submitted by the court, in the charge, as tending to show negligence on the part of the defendant, to which instruction the defendant excepted. The exception was on the ground that the statements claimed to have been made by the defendant, at the hospital, were not anything that could be considered by the jury, as evidence as to how the accident occurred. No claim was made that the statements were incompetent evidence, because they were expressions of opinion and not statements of facts. Without deciding this point we hold that the exception taken to the charge did not with sufficient clearness point out to the court the defect now claimed to exist, and so is not for consideration here.

[5, 6] Charles E. Novak, an attorney of this Court, was called as a witness by the defendant. He testified in substance that he took part in an investigation of the accident conducted by the military authorities, at which the plaintiff gave testimony; that he took notes of such testimony and observed the plaintiff's manner of testifying; that the plaintiff stated that the defendant drove the car carefully, and answered the questions put to him intelligently. On cross-examination the witness was asked: "You are an attorney, are you not, acting attorney for the London Guaranty and Accident Company, Ltd., that is covering this car that was being operated at the time the accident occurred?" Objection was made to the question, as being incompetent, irrelevant, and immaterial, and it was received subject to exception by defendant. The witness answered (the question having been repeated to him): "Well, not in this action." The question was proper as tending to elicit the interest of the witness in the subject-matter, by showing his relation to the insurance company interested in the accident and subsequent litigation. *McAndrews* v. *Leonard*, 99 Vt. 512, 134 Atl. 710, and cases therein cited. The fact that the answer of the witness was such as to show no connection with the case on trial, does not affect the correctness of the ruling upon the admissibility of the question.

[7] Further cross-examination of Mr. Novak was directed to his general employment by the insurance company in other cases than the one at bar, but without objection on the part of the defendant, save in one instance, when the question was waived. No exception having been taken to the examination, after that one disposed of above, there is nothing here for review.

[8] Leonard F. Wing, also an attorney, was called by the defendant. He testified that he was a major in the 172nd Infantry and was president of the military board of inquiry, before which the investigation, before alluded to, took place. He testified further, to statements made by the plaintiff, as a witness before the board, and to the latter's manner and appearance while testifying, to the same effect as Mr. Novak had done. On cross-examination he was asked whether at that time, he or the law firm of which he was a member were acting as attorneys for the insurance company carrying liability insurance upon the automobile in question. After objection, and some discussion between court and counsel, the court inquired of the cross-

examiner, "You expect to show his firm is at present time attorney for the company?" and the latter answered, "No, I don't so understand it, that is all, I have no accurate information, except what I am told." The court then said, "If the firm is not attorney for the insurance company at the present time, I think the question may stand excluded." The cross-examiner said, "Perhaps I had better find out," and asked the witness, "Are your firm acting as attorneys for the company now?"

The record shows that the answer, "In some matters," was given before an objection was interposed. The question was received; the objection was stated to be that the question was incompetent, irrelevant, and immaterial, and an exception was taken to the asking of the question. The question was read, and the witness answered, "We were."

The question, fairly construed, was an inquiry whether the witness was an attorney for the insurance company in the matter involved in the trial. It was proper cross-examination. *McAndrews* v. *Leonard, supra.*

At the close of the evidence the defendant moved for a directed verdict upon the grounds: (1) That he was guilty of no actionable negligence; (2) that the plaintiff was guilty of contributory negligence; (3) that the plaintiff and defendant were engaged in a joint enterprise; (4) that, if not a case of joint enterprise, the plaintiff was a self-invited guest, and could not recover without showing a wilful or wanton injury, of which there was no evidence. The motion was overruled; the defendant excepted.

The first two grounds of the motion are considered at length in the companion case of *McAndrews* v. *Leonard,* and what is there said upon this subject is applicable here.

It appeared, as has been said, that the plaintiff was a private in the headquarters company of the 172nd Infantry, then undergoing a season of training and encampment at Camp Governor Proctor near Fort Ethan Allen. The defendant was a sergeant in the same company, and Franzoni, the owner of the car, a lieutenant. The day before the accident the latter had gone to Rutland from the camp, for the purpose of getting certain articles needed at camp, from the armory. Not having the proper keys with him, he returned without them, and the next day, that of the accident, he was given a twelve-hour pass, and was to bring back the required supplies with him. The defendant was

given a like pass and the plaintiff a twenty-four hour pass. They were, as their commanding officer testified, requested to get the camp material at the armory. The passes given were privileges to be absent from camp; they were a form of order, but nothing more than a permissive order. The plaintiff was not detailed to go to Rutland in any particular method, but was at liberty to go in any manner he chose, so long as he returned within the specified time. The request to aid in loading the camp material was not, and could not, have been incorporated in his pass, which was simply a privilege of being absent from camp for twenty-four hours. The passes given to the defendant and Lieutenant Franzoni were exactly the same as that given to the plaintiff, except in point of time. Their commanding officer testified that he knew Lieutenant Franzoni was going in his automobile, that he understood the defendant was going with him, but did not understand that the plaintiff was going in that way. He further testified that all three men were acting in the line of their duty at the time they left the camp. The evidence showed that the plaintiff asked permission to ride of Franzoni, the owner of the car, and there was no evidence of any control by the plaintiff, over its management and operation. The defendant claims that, upon this evidence, the plaintiff and defendant were engaged in a joint enterprise, and that, therefore, whatever negligence might have existed on the part of the defendant must be imputed to the plaintiff and so prevent a recovery.

[9]   But the injury here complained of was claimed to be the result of negligence on the part of the driver of the car. Neither plaintiff nor defendant was acting as agent of the other. Defendant was driving the car at the request of Franzoni, the owner of the car. *McAndrews* v. *Leonard, supra.* Nor was plaintiff in any way in control of the car or chargeable with defendant's negligence. The rule of law which makes each person engaged in a common purpose at the time of the injury resulting from the negligence of some outside person responsible for the neglect of any of his associates contributing to the injury, upon the theory that each was the agent of the others, has no application to this situation. *Lee* v. *Donnelly,* 95 Vt. 121, 128, 113 Atl. 542, and cases cited.

[10]   The fourth ground of the motion, *i. e.,* that plaintiff was a self-invited guest, will be considered in connection with an

exception taken to the charge of the court upon this subject.    The
court instructed the jury that:

> "It was immaterial that the plaintiff was riding in the
> car at his own request, so long as the owner of the car, and
> the defendant knew of his presence in the car and consented
> to it.    Under such circumstances the duty of the defendant
> not to injure the plaintiff was the same as if the plaintiff
> had been expressly invited to ride by the owner of the car.
> The thing undertaken by the defendant was the transporta-
> tion of the plaintiff in the automobile.    The act itself in-
> volved some danger because the automobile was commonly
> known as a machine of tremendous power, high speed and
> quick action.    The plaintiff assumed the risks ordinarily
> arising from these elements provided the defendant con-
> trolled and operated the automobile as a prudent man would
> have controlled and operated it under the same circum-
> stances; but the defendant owed the plaintiff a duty to use
> due care, that is, the care of a prudent man under the same
> circumstances not to increase the plaintiff's danger or sub-
> ject him to a newly created danger."

The defendant excepted to the language above quoted on
the grounds that this was not the true rule of duty in the case
of an invited guest, and because on the evidence this was not
strictly the case of an invited guest, but of one who invited
himself, and consequently the status was that of licensor and
licensee, the rule laid down by the court did not apply, but the
defendant was liable only for wilful and wanton negligence.
In support of this proposition defendant cites authorities, among
them *Lutvin* v. *Dopkus*, 94 N. J. Law, 64, 108 Atl. 862, to the
effect that a person gratuitously conveyed in the automobile of
another at his own request is a licensee, and the only legal obliga-
tion imposed upon the driver is that of refraining from the per-
petration of acts wantonly or wilfully injurious.    But this is
not the rule in this State.    The question as to the care required
in the case of an invited guest was raised in the case of McAn-
drews against this defendant, growing out of the same accident,
and is there adequately treated, and the holding therein is con-
trolling here.

[11, 12]    A person riding in an automobile with the knowl-
edge and consent of the driver or owner, is no less a guest be-

cause he has asked for the privilege of doing so. The same obligation of care is imposed upon the driver as in the case of one expressly invited by the latter. See *Galloway* v. *Perkins,* 198 Ala. 658, 73 So. 956. In *Pierce* v. *Whitcomb,* 48 Vt. 127, 21 A. R. 120, the plaintiff, late in the evening, applied to the defendant to sell him six bushels of oats. The defendant did not wish to sell, but finally yielded to the plaintiff's importunities, and to accommodate him, went to his granary, with the plaintiff to deliver the oats, while there, the plaintiff in the dark stepped away from the place to which the defendant had conducted him, and fell through an aperture in the floor and was injured. He was denied recovery, but the Court said that although the defendant only yielded to the importunity of the plaintiff, and to accommodate and favor him, went to the granary, yet, having allowed the plaintiff to go into the granary with him to take delivery of the oats, he assumed the duty to the plaintiff that the means of access were reasonably safe; and if plaintiff had accidentally, and without warning slipped into a pitfall, while going to, or returning from the oats, or while putting them into a bag and taking delivery, a different case would have been presented.

In *Bottum, Admr.* v. *Hawks,* 84 Vt. 370, 384, 79 Atl. 858, 864, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913A, 1025, it is held that an invitation carries with it some measure of assurance of safety, which the owner must make good by the exercise of active care, if necessary, and that ''such invitation is implied whenever one makes use of another's premises, or something found thereon, as the owner intends he shall, or such as he is reasonably justified in understanding the owner intended.'' Applying these principles to the case in hand, it is evident that when the plaintiff, albeit at this own request, was given permission to ride in the automobile, his status became that of an invitee. The charge of the court was without error.

[13] The defendant filed 22 requests for instructions, and excepted to the refusal of the court to charge as requested in 10 of them, referring to them by number. It has repeatedly been held that exceptions taken in this manner are too general to require attention. *Woodhouse* v. *Woodhouse,* 99 Vt. 91, at p. 145, 130 Atl. 758, 784, and cases cited.

[14, 15] After verdict, the defendant moved to set it aside on the grounds that the verdict was against the evidence and the

weight of the evidence; that it was contrary to the law and contrary to the instructions of the court; that in amount, it was excessive.  As to the first ground stated, the motion was directed to the sound discretion of the court, and abuse thereof does not appear.  *French* v. *Wheldon,* 91 Vt. 64, 69, 99 Atl. 232.  What has been said heretofore in this opinion, disposes of the second ground.  And the third ground is not briefed, so no consideration is given it.  *Vt. Marble Co.* v. *Eastman,* 91 Vt. 425, 440, 101 Atl. 151.

*Judgment affirmed.*

TAYLOR, J., sat at the hearing of this case, but by reason of his death did not take part in the decision.