JOHN BLANOS *vs.* VICTOR KULESVA.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Section 15 of Chapter 400 of the Public Acts of 1921 (since amended by §1 of Chapter 69 of the Public Acts of 1927) forbade the operation of any motor vehicle by an unlicensed person, but provided that "any person over sixteen years of age who has not been refused and who has not had his motor vehicle operator's license suspended or revoked, may operate a motor vehicle while under the instruction of, and accompanied by, a licensed operator, who shall have full control of the motor vehicle as provided by law." *Held* (*two judges dissenting*) that this statute was intended to apply only to that class of unlicensed operators who were learning to drive a motor vehicle for the purpose of qualifying themselves to become licensed operators; and that its protection did not extend to the operator in the present case, who was a competent and experienced driver, and who was merely receiving advice and information from the owner of the automobile, who accompanied her, as to the methods of operating that particular car.

Argued January 3d—decided March 8th, 1928.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas for Hartford County and tried to the jury before *Molloy, J.;* verdict and judgment for the plaintiff for $725, from which the defendant appealed. *Error and new trial ordered.*

*Hector P. Auray,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellant (defendant).

*Warren Maxwell,* for the appellee (plaintiff).

BANKS, J.   This action arose out of a collision between an automobile owned and operated by the defendant and one owned by the plaintiff which was being operated by one Anna Bradshaw, an unlicensed operator.   The plaintiff accompanied Miss Bradshaw and was seated beside her upon the front seat.   He did not know that she did not have a license, but was told by her that she could operate an automobile.   She had driven automobiles over a period of three years.   The defendant claimed that plaintiff's automobile was being operated in violation of the statute, and complains that the charge of the trial court did not properly present this question to the jury.

Section 15 of the Motor Vehicles Act then in force (Public Acts of 1921, Chap. 400) provided: "No person shall operate a motor vehicle upon any public highway of this State until he shall have obtained from the commissioner a license for such purpose, provided any person over sixteen years of age who has not been refused and who has not had his motor vehicle operator's license suspended or revoked, may operate a motor vehicle while under the instruction of, and accompanied by, a licensed operator, who shall have full control of

the motor vehicle as provided by law. . . ." Section 61 of the Act provided that no recovery should be had in the courts of this State by the owner of a motor vehicle which "was being operated by an unlicensed person in violation of any provision of section fifteen." The court read these sections of the Act to the jury and told them that the plaintiff could not recover if his car was being operated by an unlicensed person in violation of the statute and more specifically that he could not recover if Miss Bradshaw was not operating the car under his instruction. The court then defined "instruction" as follows: "Now 'instruct' means 'to tell how or what to do.' That is what you mean by the word 'instruction,' 'to teach, to inform.' That is the dictionary definition. In other words, the act of instructing or teaching the person how to operate the motor vehicle." That this was correct enough as a definition of the word "instruction" is conceded, but it is the contention of the defendant that in this portion of the charge the court failed to give to the jury a legal interpretation of the statute sufficient for its guidance in determining whether or not Miss Bradshaw was operating this car under the instruction of the plaintiff within the meaning of the statute. The provision that an unlicensed person could legally operate a car only while under the instruction of a licensed operator first appeared in the statute of 1921. Prior to that time an unlicensed person was permitted to operate a car "if accompanied by a licensed operator." Public Acts of 1911, Chap. 85, §5. In construing the Act of 1911, in the case of *Hughes* v. *New Haven Taxicab Co.*, 87 Conn. 416, 87 Atl. 721, we said (p. 419): "The automobile is a dangerous instrumentality of traffic. The legislature knew this, and passed this statute primarily to promote the public safety by requiring the automobile to be operated by a licensed operator, who pre-

sumably would be an experienced operator. It also knew that, unless it provided a method by which beginners could learn to operate an automobile, there would be no opportunity for them to acquire skill by practice so that they might qualify as licensed operators." If it was the purpose of the 1911 Act to enable beginners to qualify as operators, that purpose was emphasized when in 1921 the legislature imposed the additional requirement that the operation must be under the instruction of a licensed operator. While the Act of 1911 provided a method by which beginners could learn to operate an automobile, it did not in so many words restrict the operation of an automobile by unlicensed persons to those who were accompanied by a licensed operator and were actually learning to drive. Under that Act any person over sixteen who had not been refused and had not had his operator's license suspended or revoked, was permitted to operate if accompanied by a licensed operator. The amendment of 1921 further limited this class of operators to those who were under instruction. The purpose of receiving instruction is that one may learn, and the intent of the legislature in thus amending the statute was clearly to limit this class of operators to those who were learning to drive for the purpose of qualifying themselves to become licensed operators. This would effectuate the underlying purpose of the legislation requiring the licensing of operators of motor vehicles which is, in the interest of public safety, that so far as practicable no motor vehicle shall be operated upon the highways of the State except by a licensed, and therefore presumably experienced, operator. Since this cause of action arose the legislature has further emphasized this intent by limiting the period of instruction to thirty days, the present statute providing that "any person over sixteen years of age who has

not been refused and who has not had his motor vehicle operator's license suspended or revoked, may, for a period not exceeding thirty days, operate a motor vehicle while under the instructions of, and accompanied by, a licensed operator, who shall have full control of the motor vehicle as provided by law." Public Acts of 1927, Chap. 69, §1.

Prior to the 1927 amendment the statute placed no limitation upon the period of instruction and one who was learning to drive could operate a motor vehicle without a license while under the instruction of and accompanied by a licensed operator, for such a period of time as was reasonably necessary to enable him to learn how to operate it.

It is apparent from this discussion of the history and purpose of the statute that the jury required for its guidance something more than a reading of the statute and a definition of the word "instruction." They should have been told that the purpose of the statute was to provide a method by which one could learn to drive and that the permission to operate without a license was confined to those persons who were actually receiving instruction for the purpose of acquiring sufficient skill to qualify as licensed operators. Evidence was offered to prove that Miss Bradshaw was a driver of more than three years' experience, that the plaintiff did not know that she was unlicensed and was told by her that she could operate an automobile. There was evidence that the plaintiff gave her certain advice and information regarding the operation of the car, apparently for the purpose of familiarizing her with the method of operating this particular car, which she had not driven before, rather than by way of general instruction in the operation of any car, which latter he knew she did not require. The charge permitted the jury, if they believed such in-

formation was given, to find for the plaintiff, even though they found that Miss Bradshaw was a competent and experienced operator and was not actually under instruction for the purpose of learning how to drive. It follows that the charge did not properly interpret the statute and failed to furnish the jury with adequate guidance in applying the statute to the evidence in the case. That this was so is shown by the verdict. The jury could reasonably have found that the plaintiff gave Miss Bradshaw some advice and information regarding the operation of the car, but the evidence was undisputed that she was an experienced operator, and the jury could not reasonably have found that she was operating the car under the instruction of the plaintiff for the purpose of learning how to drive.

The other assignment of error based upon the ruling on evidence is without merit.

There is error and a new trial is ordered.

In the opinion MALTBIE and HINMAN, Js., concurred.

HAINES, J. (dissenting). The majority opinion holds that the statutory provisions in question apply only to beginners who are receiving instruction for the purpose of qualifying as licensed drivers, and that as the plaintiff's driver in the instant case had had previous experience, she was not a beginner and her operation of this car was illegal. I am unable to concur in those views. It is true, as we said in *Hughes* v. *New Haven Taxicab Co.,* 87 Conn. 416, 87 Atl. 721, that this legislation provided a method by which beginners could learn to operate a motor vehicle. We did not say, nor do I believe the intent to have been, that that was the sole purpose of the statute.

It does not seem to me it was intended to bar one who had had previous' experience but was for some good reason without a license at the time. The Act of 1921 does not in terms make this limitation to beginners. Moreover, the interpretation put upon it renders meaningless that portion of the statute which reads, ". . . *any person* over sixteen years of age who has not been refused and who has not had his motor vehicle license suspended or revoked, may operate a motor vehicle. . . ." If the statute intended only beginners, what possible meaning has the quoted clause? Clearly, a beginner who has never learned to drive, could not previously have had a motor vehicle license suspended or revoked. On the other hand, an experienced operator whose license had expired by limitation pending the purchase of a new car, or who for other good reason was temporarily without a license, might well be receiving instruction in the driving of a new car, perhaps one of a different make from that which he had previously operated.

It is fundamental that every part of a statute is presumed to have a purpose, and every part should be so construed as best to harmonize with that purpose, and with every other part of the Act. Correct statutory construction requires that every word, clause and provision be given a meaning and effect if legitimately possible. The important object to be attained is the accomplishment of the underlying purpose of the legislation. "To arrive at the real meaning, it is always necessary to take a broad general view of the Act, so as to get an exact conception of its aim, scope and object." (Lord Coke's Rule). Endlich on Interpretation of Statutes, pp. 29, 35, 37, 45, 50.

This particular legislation has already been considered by this court. We said in the *Hughes* case that its primary purpose was "to promote the public

safety." Surely that purpose is not promoted by denying to one who has already had some experience, the right to drive under instruction, while permitting one who does not know how to operate a car, the right to do so under instruction.

The present case illustrates what may result from such an interpretation. The jury found that the plaintiff's car had come to a standstill where it had a legal right to be, and had been there two minutes when the defendant approached from the rear and negligently ran into it, setting it on fire and destroying it, and putting the lives of the plaintiff and his driver in jeopardy.

The plaintiff had instructed his driver in anything she wished to know about the operation of the car; had told her how to stop the car, how to use the foot brake and clutch, and sat next to the emergency brake intending to use it if necessary, and having his hand on it when the car came to a stop. He was watching and paying particular attention to the manner in which the driver was operating the car. The car having for two minutes been at a standstill when the collision came, it is clear that the actual operation of it had no possible relation to the collision, and the jury necessarily found the plaintiff and his driver were not negligent.

Yet, under such circumstances, it is said the statute denies the plaintiff a recovery for the reason that the driver had, at some previous time, had experience in driving, and so was not a beginner.

If the purpose of an Act is open to doubt, that which best comports with convenience, reason and justice, should be sought. If one construction leads to injustice or absurdity, another should be adopted if within the bounds of grammatical construction and reason; and it has been said that the presumption against absurdity is probably a more powerful guide

to construction than even that against unreason, inconvenience or injustice.   Endlich on Interpretation of Statutes, pp. 324, 343, 350.

But I do not think the operation of the plaintiff's car was necessarily illegal, even on the construction now given the statute.   If the privilege is confined to beginners who are receiving instruction "for the purpose of acquiring sufficient skill to qualify as licensed operators," when does a beginner cease to be such? The logic of the present interpretation is that if sufficient skill to obtain a license is acquired in ten days, the purpose is met, the privilege has been exhausted and driving under further instruction for twenty days would be unlawful.   The finding as to the driver's qualification in the present case is simply that she "had driven automobiles over a period of three years."   It does not appear when, where or under what circumstances she had done so.   This falls far short of proof that she was able on the date in question to "qualify as a licensed operator."   A defendant who aims to escape liability by setting up this defense should be required by fundamental rules of procedure and in all fairness, to prove it.

In this opinion WHEELER, C. J., concurred.