ISABELLA CAMPBELL *v.* JOHN K. CAMPBELL.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*Marcell Conway* for the defendant.

*C. O. Granai* for the plaintiff.

SLACK, J.   This action is to recover for personal injuries sustained by plaintiff in an automobile accident.   She had a verdict and judgment below, and the case is here on defendant's exceptions.

The plaintiff is the mother of the defendant.   Both reside in the town of Barre, Vermont, but not in the same family.   She

has other children who reside in Hartford, Connecticut. The declaration alleges, in substance, that she desired to visit the latter children, and to that end made an arrangment with defendant to take her and her husband, by automobile, to Hartford and return and for so doing agreed to pay him the expenses incident to the trip, and that she paid him twenty dollars toward such expenses before they left Barre. The undisputed evidence establishes these allegations. Both the allegations in the declaration and the proof are sufficient to support a recovery for ordinary negligence, but neither would support a recovery for gross negligence.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved for a directed verdict on the grounds that the evidence showed that plaintiff and defendant were engaged in a joint enterprise and therefore plaintiff could not recover; that there was no evidence from which the jury could find gross negligence on his part; and that the declaration did not allege such negligence. The motion was overruled, and defendant excepted.

▮▮ The first ground of the motion cannot avail defendant. To constitute a joint enterprise within the meaning of the law, the parties must have a community of interest in the object and purpose of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto. *Round* v. *Pike,* 102 Vt. 325, 148 Atl. 283; *Loomis et al.* v. *Abelson,* 101 Vt. 459, 144 Atl. 378; *Landry* v. *Hubert,* 100 Vt. 268, 137 Atl. 97; *McAndrews* v. *Leonard,* 99 Vt. 512, 134 Atl. 710. The evidence failed to show that plaintiff had the right to direct the movements and conduct of defendant in any particular. Moreover, the evidence tended to show that she was a passenger for hire, and, if so, she was not engaged in a joint enterprise with defendant. *Bancroft's Admx.* v. *Cote,* 90 Vt. 358, 98 Atl. 915. Furthermore, the plaintiff claims that the doctrine of joint enterprise does not apply in actions between parties to a joint undertaking or venture. This is the first time that this question has been before this Court. In most of our cases involving the application of this doctrine, including *Boyden* v. *Fitchburg R. R. Co.* 72 Vt. 89, 47 Atl. 409, and *Loomis et al.* v. *Abelson, supra,* the action was by one of the parties to the enterprise against a third party. In *Round* v.

*Pike, supra,* the question of joint enterprise was not raised, and in *Landry* v. *Hubert, supra, McAndrews* v. *Leonard, supra,* and *Robinson* v. *Leonard,* 100 Vt. 1, 134 Atl. 706, the question was not whether the doctrine was applicable in the circumstances, but whether the evidence showed a joint enterprise, and it was held that it did not.

Among the cases from other jurisdictions that support plaintiff's claim are *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, 434, 44 A. L. R. 785; *Harber* v. *Graham,* 105 N. J. Law, 213, 143 Atl. 340, 342, 61 A. L. R. 1232; *Pepper* v. *Morrill,* 24 Fed. (2nd) 320; *O'Brien* v. *Woldson,* 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436; *Collins* v. *Anderson,* 37 Wyo. 275, 260 Pac. 1089; *Wilmes* v. *Fournier,* 111 Misc. 9, 180 N. Y. S. 860, affirmed 194 App. Div. 950, 185 N. Y. S. 958; *Bloom* v. *Leech,* 120 Ohio St. 239, 166 N. E. 137.

*Bushnell* v. *Bushnell* was an action by a woman against her husband for injuries received in an automobile accident. The court there said: ''However, it might have been were the plaintiff suing a third party for injuries due to his negligence in concurrence with that of her husband, here, where she was charging him directly with responsibility for injuries due to his own failure in duty, there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation.'' This is in line with the law laid down in Shearman & Redfield on Negligence, Vol. I, (6th ed.) par. 65a, where it is said: ''The doctrine of imputed negligence is that in certain relations there shall be visited upon the plaintiff the negligence of another concurring with that of the defendant so as to defeat the action. It is peculiar to contributory negligence and can be invoked only where the negligence of another, for which the plaintiff is responsible, besides that of the defendant, proximately contributes to the injury.''

In *Harber* v. *Graham* the court said: ''Taking up the 'common enterprise' point, we think the learned judge lost sight of the fact that this principle, resting as it does upon the relation of agency existing *inter sese* among persons engaged in a joint or common enterprise, is applicable only as regards third persons not parties in such enterprise.''

■ Since the theory upon which the doctrine of joint enterprise rests is that the associates in the enterprise are partners, or that each is agent for the others, and since it is everywhere held that a partner is liable for his torts committed against another partner, and that the agent is likewise liable for his torts committed against his principal, it logically follows that this doctrine does not apply in actions between the parties to a joint enterprise, and we so hold.

■ The other grounds of the motion are equally untenable. If plaintiff was a passenger for hire, and it could not be held as a matter of law that she was not, it was not necessary to allege or prove gross negligence. See Act No. 78, Laws of 1929.

Respecting the arrangement between the plaintiff and defendant the court charged the jury as follows:

"From the evidence in this case it appears that on November 27, last, the defendant was possessed of a certain automobile; that sometime prior to this date the plaintiff had engaged the defendant to transport her husband and herself to Hartford to see some of their other children. It also appears that by the terms of the agreement which plaintiff made with the defendant relative to this matter, the plaintiff was to furnish to the defendant money sufficient to cover all of the expenses incident to the trip, including any expense resulting from a possible tire blow-out, as well as all other trip expenses. Before they left home she gave defendant $20 to be used as occasion required in paying these expenses, and if more were needed to cover these expenses either going to or returning from Hartford, she was to furnish same to the defendant. This was a business transaction entered into between the plaintiff and the defendant, and was a contract between them. * * * * Whether or not the contract was a wise one, from the standpoint of either, or both of these parties, is not a matter in issue here. For the purpose of this case, it is sufficient that the contract was apparently fairly entered into and was apparently satisfactory to the parties making it."

This is all the court said respecting this subject that is here material.

Although the court did not expressly hold that as a matter of law the facts in evidence constituted a hiring within the

meaning of Act No. 78, Laws of 1929, the above excerpt from the charge shows that such was the theory upon which it proceeded. It did not submit that question to the jury. It was not asked to, and no exception was taken to its action in that respect.

■ Defendant excepted to the charge wherein the court told the jury that whether or not the contract was a wise one was not a matter in issue, on the ground that whether the contract was a wise one was material in determining whether there was a hiring within the meaning of the statute. He excepted to the charge wherein the court told the jury that if the other essential facts were established plaintiff could recover if ordinary negligence was shown, on the ground that the evidence did not show a hiring within the meaning of the statute, and therefore gross negligence was necessary to a recovery. He further excepted to the charge wherein the court told the jury that he was bound to operate his car as a prudent person would operate in like circumstances, on the ground that this was the standard required in cases for ordinary negligence, and that to entitle plaintiff to recover she must prove gross negligence. The fourth exception to the charge was on the ground that the court made ordinary negligence the basis of recovery.

Concerning the first of this group of exceptions, the defendant contends that the arrangement entered into by the parties did not amount to a contract by the defendant to receive pay for the transportation of the plaintiff, and that, at most, whether it did was a question for the jury. On the evidence, it could not be held as a matter of law that defendant had not contracted to receive pay and, as we have seen, he saved no exception to the failure of the court to submit that question to the jury.

As to the second, third, and fourth exceptions, defendant says that the court erred in charging that plaintiff could recover upon proof of ordinary negligence, because to recover for such negligence it was necessary to prove that defendant had received or contracted to receive pay for transporting plaintiff, and that the latter question should have been submitted to the jury. This raises practically the same question presented by the previous exception, and for the reasons there stated these exceptions are unavailing.

The defendant has incorporated in his brief what purports to be another exception, which is, in effect, that the court erred in charging the jury that the evidence as a matter of law removed the case from the purview of Act 78, Laws 1929, instead of submitting that question to the jury. This question is not considered, since the record shows no such exception. Attempts to get before this Court questions not saved below should be avoided.

The defendant insists that the court erred in not submitting to the jury the question of whether the parties were engaged in a joint enterprise. The defendant has no exception that raises this question, but if he had it would not avail him because, as we have seen, this issue was not in the case.

*Judgment affirmed.*