TOWN OF MILFORD v. MORTIMER B. FOWLER, CHIEF,
MILFORD POLICE DEPARTMENT, ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 70554

Memorandum filed April 15, 1948.

R. H. *Simons,* of Milford, for the Plaintiff.

*Ephraim E. Sinn,* and *Omar W. Platt,* of Milford, for the Defendants.

QUINLAN, J. This action concerns a prayer for a declaratory judgment touching the government of the town of Milford in the light of the passage by the legislature of a special act, exhibit A (Spec. Laws 1947,, No. 536). The immediate questions arise because of two special laws, exhibit B and exhibit D, respectively, and amendments thereto; the one having to do with police in the town of Milford and the other with the fire department.

Before the passage of the subject act there was submitted at a special town meeting of the electors of the town of Milford by the town meeting representatives, so-called, another bill, which was approved by the electors but differed from the bill which ultimately became law, in the respects the present law is now questioned. The present law, however, was also the subject of referendum by the electors of the town of Milford, after the usual debate and discussion which precedes a referendum vote, and was adopted by the electors.

It is apparent there is a closely drawn contest between adherents of an unadulterated town-manager form of government and those who uphold the modifications in the law as made by the legislature and subsequently by referendum approved by the electors.

Quoting from a citation made by the plaintiff, I quote from *Blanos v. Kulesva*, 107 Conn. 476, 482: "It is fundamental that every part of a statute is presumed to have a purpose, and every part should be so constructed as best to harmonize with that purpose, and with every other part of the Act. Correct statutory construction requires that every word, clause and provision be given a meaning and effect if legitimately possible."

Applying this principle of construction to the act, reference is made to the following chapters and sections thereof:

Chapter 1.  Sec. 1.  Except specifically otherwise provided.
            Sec. 8.  Ordinances.

Chapter 2.  Sec. 2.  Chief executive officer.

Chapter 3.  Sec. 1.  Departments and functions.
            Sec. 2.  Heads, how chosen.

Chapter 10.  Sec. 1.  Boards and commissions cease to exist, except police and fire.

Chapter X-A.  Continue to be a board of police and fire as created by special act.

Chapter 1, § 1, in part reads as follows: "Council. There shall be for the town of Milford a council, to be elected as provided in this act, which shall have the powers and duties which, at the effective date of this act, were conferred by law upon the existing boards, officers and commissions of said town, except as otherwise specifically provided in this act." It now follows that unless "otherwise specifically provided" in the act, the plaintiff is correct in its contentions.

Section 8 of chapter 1 provides that the council shall have the power to adopt ordinances not in conflict with the General Statutes, *or the provisions of this act.*

Chapter 2, § 2, however, provides that the town manager shall be the chief executive officer, but responsible to the council *only* for departments, agencies and officers in charge of persons and boards *appointed by him.*

What then is the status of the police and fire boards in relation to the town manager?

Chapter 3, § 1, names the departments of the town and states that their functions "shall be as prescribed by the general

laws of the State *or special acts* relating to the town of Milford or by ordinance."

Section 2 of chapter 3 specifically excepted the police and fire departments from appointment by the town manager.

Chapter 10, § 1, terminates the existence of all boards and commissions then existing, except the police and fire commissioners. And the second sentence provides, "The *town manager* shall be an ex officio member of the police and fire boards in place of the first selectman."

Chapter X-A, § 1, contains what seems to be a very important section in the light of the foregoing provisions and helps to explain the *mischief* claimed by the plaintiff to be inherent in the act if the claims of the defendants are entertained. It reads: "There shall continue to be a board of police commissioners and a board of fire commissioners as created by special act. Upon the expiration of the terms of the respective members thereof, their successors shall be appointed by the members of the town council. Any vacancy occurring in the membership of said boards shall be filled by the town council for the unexpired portion of the term."

Not only are the police and fire boards and their commissioners specifically excepted from the provisions of the act but they are positively and specifically continued in existence as created; and chapter 3, § 1, provides that their functions shall be as prescribed by special acts relating to the town of Milford. The police and fire boards were created by special acts, exhibits B and D, respectively. Chapter X-A further importantly provides that upon the expiration of the terms of members of these boards, as well as on the occasion of vacancies occurring, the town council shall appoint the successors and fill the vacancies.

The legislature in its wisdom may have thought that the orderly approach to a full town-manager form of government should not be a sudden but rather a gradual transition, in these two vital departments affecting the public safety. By providing for successors and the filling of vacancies in the manner outlined the town council would gradually take over, and insofar as it is in conflict with the method of appointment in the special police and fire acts the act itself in Chapter X-A would be controlling and harmonize with the aim and object of the other parts of the act. In addition there was apparently

another reason for providing that the council should appoint successors and fill vacancies. Chapter 9, § 1, of the subject act limits the powers of selectmen to duties concerning electors, whereas Special Act No. 216, Special Laws of 1917, as to police, and Special Act No. 203, 1917, as to fire, provide that the respective board members shall be appointed by the selectmen. By the limiting of the duties of the duties of the selectmen there would be no one to make such appointments, unless the subject act made provision as was done in Chapter X-A.

I conclude then as follows:

As to paragraph 1(a) of the prayer for declaratory judgment it is conceded by the defendants that the town manager shall be an ex officio member of the police and fire boards, as provided in chapter 10, § 1, and it is so answered and decreed.

As to 1(b), the town manager by chapter 10, § 1, is made an ex officio member of the police and fire boards *in place of the first selectman.* Prior to the passage of the act, the special laws affecting the police and fire boards designated the first selectman as chairman ex officio of those respective boards. The answer to this question, then, is that with the present limitation on the duties of the selectmen the town manager, as one of the first steps in the gradual approach to city managership, becomes ex officio chairman of the two boards.

The answer to 1(d) is that the board of police commissioners and the board of fire commissioners shall continue to have all the powers and functions prescribed by Special Act No. 165, Special Laws, 1915, and the amendments thereto, as to the police department, and as to the fire department all those prescribed by Special Act No. 203, Special Laws, 1917, and amendments thereto. See Chap. 3, § 1.

As to 1(e), the answer is that, unless the town manager is chosen as the head of the police or fire departments by the respective commissioners of those departments, he may not serve as head of those departments, in accordance with chapter 3, § 2, of the subject act.

Judgment may enter in accordance herewith, without cost to any of the parties.