Day, J.
 

 The journal entry from the Court of Appeals recites that the judgment of the court of common pleas was reversed “for the reason that the trial judge should have submitted the question of whether the parties at the time of the injury complained of by the plaintiff below were engaged in a joint enterprise, under appropriate instructions, and that the withdrawal of this question from consideration by the jury was prejudicial error. ’ ’ So that the sole question for consideration by this court is whether or not the common pleas judge erred in refusing to submit to the jury the question of joint enterprise.
 

 This record discloses that Bloom desired to purchase some live stock from Snyder, for which he was to give Snyder a promissory note for a portion of the purchase price. Snyder was willing to accept the note provided a satisfactory surety was obtained. The owner of the farm upon which Bloom was a
 
 *242
 
 tenant was proposed as a surety by Bloom, and Snyder was willing to accept him as such, provided, after inquiry, the owner of the farm, Boeder, proved to be good for the amount. To this end, on the day in question, Snyder took his own automobile, and Bloom occupied the seat with him, telling Snyder that Boeder lived on the road that runs south from the “halfway place.” Snyder said he knew where that was. They stopped at Monroeville and Snyder got out and made inquiry at the Farmers’
 
 &
 
 Citizens’ Bank in that city, concerning Boeder’s financial status, which was found to be satisfactory. Bloom does not appear to have done more than tell Snyder where Boeder lived. At no time does he appear to have had any control over the automobile or any voice in its management. As the machine approached the interurban street car crossing of the highway, Bloom testifies that Snyder said to him, “Look back and see if there is* a car and see if it is clear or not. ” He testifies that he kept looking back and did not look in the other direction; that he saw no street cars on the street car track. This would direct Bloom’s attention to the west. He did not look to the east, from which direction the interurban car came which caused the accident. There is testimony in the record that Bloom said to Snyder, “It is all right, go ahead.” Bloom denied saying this, however.
 

 Under such facts, were Snyder and Bloom engaged in such a joint enterprise that the negligence of Snyder, the driver, could be imputed to Bloom, the passenger or guest?
 

 The doctrine of imputed negligence does not ordinarily apply in Ohio.
 
 Pennsylvania Rd. Co.
 
 v.
 
 *243
 

 Lindahl, Admr.,
 
 111 Ohio St., 502, 505, 511, 146 N. E., 71;
 
 Cincinnati St. Ry. Co.
 
 v.
 
 Wright, Admr.,
 
 54 Ohio St., 181, 43 N. E., 688, 32 L. R. A., 340;
 
 Davis
 
 v.
 
 Guarnieri,
 
 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548;
 
 St. Clair St. Ry. Co.
 
 v.
 
 Eadie,
 
 43 Ohio St., 91, 1 N. E., 519;
 
 Covington Transfer Co.
 
 v.
 
 Kelly,
 
 36 Ohio St., 86;
 
 C., C., C. & I. Rd. Co.
 
 v.
 
 Manson,
 
 30 Ohio St., 451;
 
 Bellefontaine & Ind. Rd. Co.
 
 v.
 
 Snyder,
 
 18 Ohio St., 399, 98 Am. Dec., 175.
 

 The leading case in Ohio recognizing the exception to the rule is
 
 N. Y., C. & St. L. Rd. Co.
 
 v.
 
 Kistler,
 
 66 Ohio St., 326, at page 343, 64 N. E., 130, 135. In the opinion it is said:
 

 “
 
 The father, being nearly deaf, took the daughter along to
 
 hear
 
 for him, and as they came to the west side of the piece of woods, he told her to look and .listen for trains, and she did so by raising the rear curtain and looking in the direction of the railroad.
 

 “ If it be true that she was to do the
 
 listening,
 
 and also to
 
 assist
 
 in the looking while he was doing the driving, they were engaged in a joint enterprise, and each would in such case be chargeable with the negligence of the other.”
 

 It is apparent that in the above case the duty to listen was upon the daughter, and to assist in the looking, and the control of the enterprise was therefore with the daughter as to the obligation to listen before going upon the track. She had the right to control to this extent.
 

 The principle of joint enterprise is based on partnership or mutual agency. In crossing accidents of this character, the test in determining the question is whether the parties were
 
 jointly
 
 operating or
 
 controlling
 
 the movements of the vehicle in which they
 
 *244
 
 were riding. There must be a
 
 right
 
 of mutual control. Where the guest has no voice in directing and governing the movements of the automobile, he cannot be said to be engaged in a joint venture with the driver, within the meaning of the law of negligence.
 

 A good statement of the rule, and one recognized in many states, is as follows: “Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management.”
 
 St. Louis & Sante Fe Rd. Co.
 
 v.
 
 Bell,
 
 58 Okl., 84, 159 P., 336, L. R. A., 1917A, 543;
 
 Landry
 
 v.
 
 Hubert,
 
 100 Vt., 268, 137 A., 97;
 
 Jessup, Admx.,
 
 v.
 
 Davis,
 
 115 Neb., 1, 211 N. W., 190, 56 A. L. R., 1403.
 

 This seems to be the general rule, and a number of authorities may be cited in support of this doctrine of the right of mutual control of the vehicle in which the parties are riding.
 
 Barrett, Trustee,
 
 v.
 
 Chicago, M. & St. P. Ry. Co.,
 
 190 Iowa, 509, 175 N. W., 950, 180 N. W., 670;
 
 Clark
 
 v.
 
 Missouri Pac. Rd. Co.,
 
 115 Kan., 823, 224 P., 920;
 
 Hines
 
 v.
 
 Welch
 
 (Tex. Civ. App.), 229 S. W., 681;
 
 Alperdt
 
 v.
 
 Paige,
 
 292 Pa., 1, 140 A., 555;
 
 Fuller
 
 v.
 
 Mills,
 
 36 Ga. App., 357, 136 S. E., 807;
 
 State, ex rel. Chairs,
 
 v.
 
 N. & W. Ry. Co.,
 
 151 Md., 679, 135 A., 827;
 
 Virginia Rd. Co.
 
 v.
 
 Farr,
 
 147 Va., 217, 136 S. E., 668;
 
 Schwartz
 
 v.
 
 Johnson,
 
 152 Tenn., 586, 280 S. W., 32, 47 A. L. R., 323;
 
 Ronan
 
 v.
 
 J. G. Turnbull Co.,
 
 99 Vt., 280, 131 A., 788;
 
 Crescent Motor Co.
 
 v.
 
 Stone,
 
 211 Ala., 516, 101 So., 49;
 
 Bryant
 
 v.
 
 Pac. Elec. Ry. Co.,
 
 174 Cal., 737,
 
 *245
 
 164 P., 385;
 
 Pope
 
 v.
 
 Halpern,
 
 193 Cal., 168, 223 P., 470.
 

 Additional authorities to the same effect might be cited, but the foregoing will suffice.
 

 Was the question of joint enterprise a question of fact that should have been submitted to the jury, under instructions; or was the court of common pleas justified in taking this question away from the jury?
 

 A careful examination of the record in this case shows that the utmost that could be claimed on behalf of joint enterprise is that Bloom was to tell upon what road Boeder lived, and, when approaching the crossing where the accident took place, Snyder directed Bloom to look back along the track and see if any street car was approaching from the west, coming eastward, and report. It does not appear that Bloom had any power or control over the vehicle in which they were riding, or that he had any such authority as would show that he had joint control with Snyder, the owner and driver of the car. Whatever his report would be, it was entirely optional with the driver and owner, Snyder, whether he would act upon such report. At any rate, Bloom had no authority or right of control in the premises. It is true that the purpose of the trip was to secure Boeder’s signature as a surety upon the note, and this, of course, was beneficial to both Snyder and Bloom; but the purpose of the trip did not comprehend joint operation or control of the automobile in which they were riding. “But in order that there be such a joint undertaking it is not sufficient merely that the passenger or occupant of the machine indicate to the driver or chauffeur the route he may wish
 
 *246
 
 to travel, or the places to which he wishes to go, even though in this respect there exists between them a common enterprise of riding together. The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it.”
 
 Bryant
 
 v.
 
 Pac. Elec. Ry. Co.,
 
 174 Cal., 737, 164 P., 385. “The negligence of the driver of a vehicle is not imputable to the passenger merely because the passenger suggested a ride, and directed as to the place where the car was to be driven.”
 
 Cram
 
 v.
 
 City of Des Moines,
 
 185 Iowa, 1292, 172 N. W., 23.
 

 The rule is aptly stated by the Supreme Court of Connecticut in
 
 Coleman
 
 v.
 
 Bent,
 
 100 Conn., 527, 124 A., 224: “A joint adventure in the use of an automobile, implies a common possession and right of control of the vehicle and a responsibility for its negligent operation equally common to all of its occupants; and therefore the rule or doctrine of joint adventure should be restricted to cases in which these essentials are clearly apparent from the agreement of the parties, or arise as a logical inference or legal conclusion from the facts found by the trier. ’ ’
 

 The evidence not tending to show any such joint control, or the right to control, over the means of transportation, nor facts from which the same could reasonably be inferred, the trial court was right in finding that there was nothing to submit to the jury upon that point.
 

 There is another and further reason why the judgment of the common pleas court should be affirmed, to-wit: Even conceding a joint enterprise to exist, which we do not think is the case, the negli
 
 *247
 
 gence of Snyder cannot be imputed to Bloom. The only issues between them were negligence of Snyder and the contributory negligence, if any, of Bloom, and the jury has determined these issues in favor of Bloom. The charge of the trial court was quite full upon such issues:
 

 “Snyder and Bloom, as they rode in that automobile on that day, owed each other certain duties and certain care and certain responsibilities to the other; Snyder, as a driver of the automobile not to negligently cause any injury to Mr. Bloom, and Mr. Bloom, as he rode in that automobile, was also bound by certain duties to himself and to Mr. Snyder, and that was to exercise ordinary care for his own safety. And by ‘ordinary care’ I mean that care which a person of ordinary care and prudence would have exercised under the same or similar circumstances.
 

 “And your next duty will be to determine whether or not Bloom did exercise that degree of care. If he failed to do so, if you find that he was negligent in his conduct, then your next determination should be whether his negligence directly and proximately contributed to cause his injury. In other words, was his negligence one of the proximate causes of the injury. And by ‘proximate cause’ in this connection I mean exactly the same as proximate cause with reference to the negligence of Mr. Snyder, as I have defined it to you.
 

 “If the plaintiff was negligent, and if his negligence directly and proximately contributed to cause his injury, then I say to you that regardless of the negligence of Snyder or the railroad company or anyone else, then Bloom is not entitled to recover, and your verdict in this ease must in that event be for the defendant.” .
 

 
 *248
 
 As between themselves, one could not use his own negligence as a reason to defeat his associate’s claim for injuries due to such negligence. To do so would be tantamount to taking advantage of his own wrong. In support of this view, the following cases may be cited:
 
 Ryan
 
 v.
 
 Snyder,
 
 29 Wyo., 146, 211 P., 482;
 
 Wilmes
 
 v.
 
 Fournier,
 
 111 Misc. Rep., 9, 180 N. Y. S., 860; 45 Corpus Juris, 1020, Section 574.
 

 In
 
 O’Brien
 
 v.
 
 Woldson,
 
 149 Wash., 192, 270 P., 304, the Supreme Court of Washington said:
 

 “ (1) The first question is whether the negligence of Mrs. Woldson in operating the car will be imputed to Mrs. O’Brien, the other member of the joint enterprise. Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other.
 
 Masterson
 
 v.
 
 Leonard,
 
 116 Wash., 551, 200 P., 320;
 
 Hurley
 
 v.
 
 City of Spokane,
 
 126 Wash., 213, 217 P., 1004;
 
 Jensen
 
 v.
 
 Chicago, Milwaukee (& St. P. Rd. Co., 133
 
 Wash., 208, 233 P., 635. It does not necessarily follow, however, that that rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one mem ber of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from
 
 *249
 
 that when recovery is sought against a third person. For present purposes it is sufficiently accurate to say that the relations of joint adventurers as between themselves are governed practically by the same rules that govern partners.
 
 Harm
 
 v.
 
 Boatman,
 
 128 Wash., 202, 222 P., 478. In the case of partners, an action for damages will lie by one partner against the other for wrongs inflicted upon the person or property of the one seeking to recover. In Rowley’s Modern Law of Partnership, Volume 2, Section 758, it is said:
 

 “ ‘Actions for damages will lie between partners for tortious wrongs inflicted by a partner to the person or property of co-partner.’ ”
 

 In
 
 Bushnell
 
 v.
 
 Bushnell,
 
 103 Conn., 583, at page 588, 131 A., 432, 434 (44 A. L. R., 785), it is said: “He who in the process of a joint enterprise is engaged in operating a vehicle represents in so doing all who are associated with him in that enterprise, and if he is negligent, any one of them may look to him for damages upon the same basis as that upon which a principal holds an agent liable for his negligent conduct. However it might have been were the plaintiff suing a third party for injuries due to his negligence in concurrence with that of her husband, here, where she was charging him directly with responsibility for injuries due to his own failure in duty, there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation. ’ ’
 

 From the foregoing we reach the conclusion that the Court of Appeals was in error in reversing the
 
 *250
 
 common pleas court for failure to submit to the jury the question of joint enterprise, and the judgment of the Court of Appeals is therefore reversed and that of the common pleas affirmed.
 

 Jikdgment of the Court of Appeals reversed and judgment of the court of common pleas affirmed.
 

 Marshall, C. J., Kinkade, Jones, Matthias and Allen, JJ., concur.
 

 Robinson, J., concurs in the judgment.