# R. S. LESAGE v. H. M. PRYOR.

No. 7686.  Decided July 23, 1941.
Rehearing overruled October 8, 1941.
(154 S. W., 2d Series, 446.)

456

*Lightfoot, Robertson & Gano,* of Fort Worth, and *Dan P. Johnston,* of Dallas, for plaintiff in error.

The Court of Civil Appeals erred in holding that there was no evidence as a matter of law to support the finding of the jury to the effect that plaintiff and the salesman were engaged in a joint enterprise at the time of the accident. Waggoner v. Simmons, 117 S. W. (2d) 553; Straka v. Farmer's Mut. Protective Assn., 79 S. W. (2d) 883; 20 R. C. L., 149, par. 122.

*Napier & Napier,* of Wichita Falls, for defendant in error.

The doctrine of joint enterprise has no application to this case, and if it did have, there is no evidence to support the jury's findings. El Paso Electric Co. v. Leeper, 60 S. W. (2d) 187; Lockey v. Packard-Dallas, Inc., 119 S. W. (2d) 150; West Texas Coaches v. Madi, 26 S. W. (2d) 199.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit was instituted by defendant in error Pryor against plaintiff in error LeSage, the allegations being that LeSage was engaged in the business of buying and selling automobiles under the name of LeSage Motor Company and that Pryor, while riding in an automobile owned by LeSage and operated by Rollins, an employee of LeSage, suffered personal injuries caused by Rollins' negligence. The jury, in answer to special issues, found that plaintiff in error and Rollins were negligent in failing to keep the brakes of the automobile in good condition, in driving the automobile at an excessive rate of speed

and in failing to keep a proper lookout, and that such negligence proximately caused plaintiff's injury. Issues submitting contributory negligence were answered favorably to the plaintiff, and the amount of plaintiff's damages was found to be $5,500.00. By answer to special issue No. 19 the jury found that "the plaintiff H. M. Pryor and A. A. Rollins were engaged in a joint enterprise during the trip in question." The trial court overruled the plaintiff's motion to set aside the jury's answer to issue No. 19 and his motion for judgment, granted defendant's motion for judgment and rendered judgment that plaintiff take nothing by his suit.

The Court of Civil Appeals held that there was no evidence to support the jury's answer to special issue No. 19 relating to joint enterprise and reversed the trial court's judgment and remanded the cause, stating in its opinion that it remanded the cause in stead of rendering judgment for the plaintiff "because of defendant's objections and exceptions to the charge and other rulings of the court presented by the cross assignments." It did not pass upon the cross assignments. 133 S. W. (2d) 308.

It appears from the record made in the trial court and from the opinion of the Court of Civil Appeals that both of said courts decided the case on the theory that if defendant in error Pryor, plaintiff in the trial court, and Rollins, the driver of the automobile owned by plaintiff in error LeSage, were engaged in a joint enterprise, Pryor could not recover, for the reason, as stated by the Court of Civil Appeals, that "the negligence of the driver of the car proximately causing the injury would be imputed to plaintiff; hence his own negligence thus imputed to him would preclude a recovery against defendant."

Pryor owned an automobile which he desired to exchange for a truck. He made an agreement with one Keathley, who lived at Mineral Wells, by which he arranged to exchange his car for Keathley's Chevrolet automobile, with the understanding that he would allow Keathley for his automobile whatever LeSage Motor Company would allow him for the Chevrolet car in exchange for a used truck. Pryor took the Chevrolet car to the LeSage Motor Company's place of business in Wichita Falls and agreed upon a trade with Rollins, its salesman, whereby the Chevrolet car would be exchanged for a used truck owned by the motor company. Thereupon the used car manager or the credit manager of the motor company discovered that Pryor did not have a bill of sale for the Keathley car

and that Keathley owed a balance of the purchase money for his car and told Pryor and Rollins that it would be necessary for them to go to Mineral Wells and procure a bill of sale from Keathley and see that the balance due was paid. Pryor left Wichita Falls in the Keathley car, Rollins following in a Ford automobile belonging to LeSage Motor Company, but near Archer City Pryor left the Keathley car, entered the motor company's automobile driven by Rollins and rode with him to Mineral Wells. There they found Keathley, secured the bill of sale and made arrangements to pay the balance due on Keathley's car. Pryor was injured on the return trip from Mineral Wells to Wichita Falls when the automobile owned by the motor company and driven by Rollins collided with a truck.

Defendant in error Pryor, by assignments and propositions in his brief in the Court of Civil Appeals, which are in our opinion sufficient to specify distinctly the grounds on which he relied, presented first the contention that the jury's finding that Rollins and Pryor were engaged in a joint enterprise is not supported by any evidence and second the contention that the doctrine of imputed negligence is not applicable as between Pryor and the driver of the automobile and may not be invoked to absolve Rollins or his employer from the consequences of Rollins' negligence by imputing it to the other party to the enterprise whom it has injured.

1 We need not determine whether there is evidence to support the jury's finding that the parties were engaged in a joint enterprise because it is our opinion that, even if they were so engaged, such fact does not preclude recovery by Pryor for the injuries suffered by him from Rollins' negligence. While there are a few authorities to the contrary, one of them being Frisorger v. Shepse, 251 Mich. 121, 230 N. W. 926, cited by plaintiff in error, the rule is established by the decisions in this state and by the great weight of authority that the doctrine of imputed negligence is inapplicable when the controversy is between the parties to a joint enterprise and that, although the parties are engaged in a joint enterprise at the time of the injury of one of them by negligence of the other, the injured party may nevertheless recover for the injury caused by the other's negligence. Rankin v. Nash-Texas Co., 129 Texas 396, 404, 105 S. W. (2d) 195; Lockey v. Packard-Dallas Co., Inc., 119 S. W. (2d) 150, 152; Horne Motors, Inc. v. Latimer, 148 S. W. (2d) 1000, 1006; Bushness v. Bushnell, 103 Conn. 583, 131 Atl. 43, 44 A. L. R. 785; O'Brien v.

Woldson, 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436, and note pp. 440, 442; Campbell v. Campbell, 104 Vt. 468, 162 Atl. 379, 85 A. L. R. 626, and note pp. 630, 632; Archer v. Chicago, Milwaukee, etc. R. Co. 215 Wis. 509, 265 N. W. 67, 95 A. L. R. 851; Bloom v. Leach, 120 Ohio St. 239, 166 N. E. 137; Restatement of the Law of Torts, Vol. 2 (Negligence) pp. 1273-4, Sec. 491; "Imputed Contributory Negligence" by W. Page Keeton, 13 Texas Law Review, pp. 161, 163, 164.

2   The reasons for applying the doctrine when the suit is against a third person and for denying its application when the suit is by one member of the enterprise against another member is thus clearly stated in Bloom v. Leech, supra:

"When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong."

3   Plaintiff in error argues that the rule above discussed, to the effect that the doctrine of imputed negligence does not apply in a suit between the members of a joint enterprise, is foreign to the case because Pryor is not suing Rollins, but LeSage, alleged to be Rollins' employer, and is attempting to impute the negligence of Rollins to LeSage, whereas Rollins' negligence should be imputed to Pryor. The argument disregards the basis for the doctrine of respondent superior and confuses two distinct and separate rules, one that imposes liability upon the employer or master for the acts of the employee or servant, and the other that under certain circumstances imputes to one party to a joint enterprise the negligence of another party to the same. The employer is made liable for the acts of the employee, because the employee's acts are considered to be his acts. In the instant case of Rollins, in making the trip to Mineral Wells with Pryor was, as he appears to have been, acting for his employer and within the scope of his employment, his acts were the acts of his employer; and if there was a joint enterprise, the employer, acting through his employee Rollins, was engaged with Pryor in that joint enterprise. If the suit, were against Rollins, he could not be absolved by imputing his negligence to Pryor. On the same principle, there is no place to apply the doctrine of imputed negligence when

the suit is against the employer for the consequences of Rollins' negligence. To do so would permit the employer to take refuge behind the wrong of his employee.

In Rankin v. Nash-Texas Co., 129 Texas 396, 105 S. W. (2d) 195, Lockey v. Packard-Dallas Co., Inc., 119 S. W. (2d) 150, and Horne Motors, Inc. v. Latimer, 148 S. W. (2d) 1000; the suit was against the employer for damages caused by the negligent operation of an automobile by his employee. In each case the defense was made that the negligence of the employee driving the automobile should be imputed to the plaintiff under the joint enterprise doctrine; and in each case it was held that the doctrine was not applicable and that recovery against the employer could not be defeated by imputing the driver's negligence to the plaintiff.

4 Examining the cross assignments of error in the brief filed by plaintiff in error in the Court of Civil Appeals for the purpose of determining what judgment should be rendered here, we find that by four cross assignments the contentions are made that there is no evidence that Rollins was an agent or employee of LeSage Motor Company, that the evidence shows as a matter of law that Rollins was an independent contractor and that the court should have submitted to the jury a requested special issue inquiring whether Rollins was an independent contractor. The uncontradicted evidence is that the automobile in which Pryor was riding when injured belonged to LeSage Motor Company, which was engaged in the business of selling automobiles, and that Rollins, who was a salesman employed by the motor company to sell automobiles on commission, was driving the automobile on a mission for the motor company undertaken at its direction for the purpose of consummating the sale of one of its used trucks to Pryor. These facts, in the absence of evidence showing the extent of control that the motor company exercised, or had the right to exercise, over Rollins, proved that he was an employee or servant of the motor company and not an independent contractor. Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416; Baray v. Escobedo, 259 S. W. 1099; Kampmann v. Rothwell, 107 S. W. 120. The single fact that Rollins was compensated by commissions rather than by salary is not of itself sufficient, in view of the above facts proven by undisputed evidence, to require the submission of the requested issue.

Three assignments of error make the point that there is no

competent evidence tending to prove that plaintiff in error R. S. LeSage owned LeSage Motor Company or was engaged in business under that name. The testimony is that the automobile in which Pryor was riding when injured belonged to LeSage Motor Company, that Rollins was a salesman of that company and was directed by the credit manager or used car manager of the company to make the trip to Mineral Wells. The only evidence that connects plaintiff in error with LeSage Motor Company is the testimony of the witness Akins, who was a salesman for the company at the time Pryor was injured. He was permitted to testify, over objections, that when he went to work for LeSage Motor Company, being employed by Roy Bryan, its general manager, he asked Bryan who owned the motor company, and that Bryan told him it was owned by R. S. LeSage.

Defendant in error undertakes to justify the admission of this hearsay evidence under the rule that admits declarations of agents or employees when made in the course of employment. The witness Akins testified that he was interested in ascertaining who owned the business because he desired to know what his opportunity for advancement would be, and that Bryan's statement was made in answer to his inquiry.

5 Declarations of an agent or employee are admitted against the principal or employer as an exception to the hearsay rule and to make them admissible the facts must bring them clearly within the limitations of the exception. Not only must such declarations be made within the course of the employment, but they must bear close relation to the performance of an authorized duty or act in connection with which they are made. They must not be purely voluntary or made merely in casual conversation. Hinson v. Walker & Co., 65 Texas 103; Southern Surety Co. v. Nalle & Co., (Com. App.) 242 S. W. 197; McCormick & Ray's Texas Law of Evidence, pp. 658-662, Sec. 508.

There is no evidence in the record showing the extent of the authority of Bryan, by whom the statement to which Akins testified was made. Nothing further appears than that Bryan was the manager or general manager of LeSage Motor Company at Wichita Falls. It may be assumed that Bryan as manager was in charge of the operation of the business at Wichita Falls, but there is no evidence that he had any duties to perform in connection with the ownership of the business as a whole or that he was authorized to do any act affecting the

title or ownership of that business. It does not appear from Atkins' testimony that he disclosed to Bryan the reason for his desire to know about the ownership of the business. From Bryan's standpoint, the question and answer were casually asked and given, and it does not appear that Bryan's statement, so made, can fairly be regarded as an incident to or explanatory of any act that he was authorized to perform.

Since defendant in error failed to prove by competent evidence that plaintiff in error owned LeSage Motor Company or was engaged in business under that name, judgment for defendant in error cannot be rendered here.

The judgment of the Court of Civil Appeals, reversing and remanding the cause to district court is, for the reasons stated in this opinion, affirmed.

Opinion adopted by the Supreme Court July 23, 1941.

Rehearing overruled October 8, 1941.