VONDERHEIDE, APPELLANT, *v.* COMERFORD ET AL., APPELLEES.
(Two cases.)

(Nos. 8837 and 8838—Decided January 6, 1961.)

*Mr. Milton M. Bloom,* for appellants.
*Mr. Lyle W. Castle,* for appellees.

COLLIER, J. On June 8, 1955, the plaintiffs, Clara M. Vonderheide and Herbert J. Vonderheide, husband and wife, instituted two separate actions in the Common Pleas Court against the defendants, Bart J. Comerford, Albert J. Meier and Otto Spiess. In case No. 8837, the plaintiff, Clara M. Vonderheide, sought damages for personal injuries, and in case No. 8838 the plaintiff, Herbert J. Vonderheide, sought to recover his wife's medical expenses and for loss of his wife's services, society and consortium. The two cases were consolidated for trial, involve the same questions of law, and will be considered in this appeal as one case. The parties will be referred to as the plaintiffs and defendants, as they appeared in the Common Pleas Court.

At the close of plaintiffs' cases, on motions of the defendants, the trial court directed verdicts in favor of the defendants.

The motions for new trial were overruled and the plaintiffs have perfected appeals on questions of law to this court.

Plaintiffs, in their petitions, allege that on June 19, 1953, the defendants were engaged in stringing a wire on telephone poles in the vicinity of Belmont Avenue and Monticello Avenue in College Hill, a suburb of Cincinnati, Ohio; that, as plaintiff Clara M. Vonderheide was walking upon a public sidewalk, the defendants carelessly and negligently raised one of the wires and caused it to strike her and propel her to the ground, thereby causing the injuries complained of.

The defendants filed separate and identical answers, averring that the defendants were employees of the city of Cincinnati, in the Division of Communication, and that the city of Cincinnati, through its agents and employees at said time and place, was engaged in stringing copper wire on a pole, and denying all other allegations of plaintiffs' petitions. For a second defense to the petition of plaintiff Clara M. Vonderheide, each defendant pleaded the affirmative defense of contributory negligence. In her reply, plaintiff Clara M. Vonderheide denied each and every allegation in defendants' answers which was not an admission of her petition.

The factual situation, sufficient to understand the issues involved, as disclosed by the record, may be summarized as follows:

On June 19, 1953, about 1:15 p. m., the defendants, who were employees of the city of Cincinnati, Division of Communication, working as a crew of three men, with Comerford as foreman, were preparing to string a copper wire between telephone poles in the vicinity of Belmont and Monticello Avenues. The wire was on the sidewalk and, as the plaintiff Clara M. Vonderheide walked along the sidewalk she noticed there was "play" in the wire; that the movement of the wire was like a snake, like somebody was working with it. The plaintiff never saw who was working with the wire. As plaintiff walked along the sidewalk, keeping away from the wire, she noticed that there was no more play in the wire, and, as she stepped over the wire, she claimed that it was jerked and the wire caught her between the feet and she was thrown to the ground. After the plaintiff fell, she called for help and the defendants assisted her to rise. A neighbor came along in an automobile and took her to the bus stop.

Plaintiffs set forth five assignments of error in the trial of the case. The first assignment is that the trial court erred in holding, as a matter of law, that the defendants were not engaged in a joint or common enterprise.

Since the doctrine of imputed negligence does not apply in Ohio, the obvious purpose of plaintiffs in claiming the defendants were engaged in a common enterprise is to establish mutual agency between the defendants. The plaintiff Clara M. Vonderheide did not see any of the defendants jerk the wire, but claims that, as joint adventurers, the negligent act of one defendant must be regarded as the negligence of all.

The undisputed facts are that the defendants were employees of the city of Cincinnati, engaged at the time and place in question in the performance of their duties as such employees. They were in no manner self employed or engaged in the promotion of their own project, either for joint pleasure or joint profit.

The question to be determined in this appeal is whether co-employees, working as a crew of three men, one of whom is foreman, in the performance of their duties for their employer, may be said to be engaged in a joint enterprise. It has been held in *Bennett* v. *Sinclair Refining Co.*, 144 Ohio St., 139, 57 N. E. (2d), 776: ''Where one of the issues in a jury trial is the relationship of the defendants to each other, ordinarily, if the facts are undisputed, that issue is one of law for determination by the trial court * * *.''

The legal concept of ''joint adventure,'' ''joint venture'' and ''joint enterprise'' is of modern origin, and has been said to be purely the creature of American courts. Such relationship was not recognized in the early common law. See 30 American Jurisprudence, 938, Section 1; 48 Corpus Juris Secundum, 801, Section 1; and 39 Ohio Jurisprudence (2d), 679, Section 116. The terms are often used interchangeably, but some courts distinguish them. In Ohio, the terms are used interchangeably. *Bloom* v. *Leech, Admr.*, 120 Ohio St., 239, 166 N. E., 137. In that case, our Supreme Court defines the term, ''joint enterprise,'' as it applies to the law of negligence, as follows:

''A 'joint enterprise' within the law of imputed negligence is the joint prosecution of a common purpose under such cir-

cumstances that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose.''

In the *Bloom case* the following language was adopted: ''Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management.''

There are many reported cases in this and other jurisdictions where the theory of joint enterprise was relied upon to establish mutual agency of the defendants, which could not be proved otherwise. Many of these cases are cited in the briefs filed in the instant case. However, not a single case has been cited, nor have we been able to find one involving a similar factual situation. In the recent case of *Parton* v. *Weilnau, Admx.* (1959), 169 Ohio St., 145, 158 N. E. (2d), 719, an exhaustive review of the cases in which the imputation of negligence between two co-employees in possession of a motor vehicle was considered. In that case, it was held that where two police officers of equal rank are given possession of a police car and each has authority to drive it and they determine between themselves when each shall drive, they are not engaged in a joint enterprise so as to require imputation of negligence of the driver to the one not driving. We quote the following statement by Judge Taft in the *Parton case,* on the question of liability of an employee for the negligence of his co-employee:

''In our opinion, it would be unreasonable to impose upon an employee responsibility for the negligence of his co-employee. Unlike an employer, an employee has no right to choose his co-employees. That choice is the right (possibly apart from present-day union interference therewith) of his employer. Hence, although it may be reasonable to impose responsibility on an employer for what his employee does, it does not follow that it would be reasonable to impose any such responsibility on a co-employee for what that employee does. We believe therefore that imputation of negligence because of a joint enterprise

should be confined to the kind of a joint enterprise where a member thereof can select his joint adventurers, just as a partner can select his partners and an employer can select his employees. In such instances, there is some justification for making a member of the joint enterprise responsible for what another member does in its execution."

And, in *Bernard, Admx., v. Jennings*, 209 Wis., 116, 244 N. W., 589, it was held, "Being co-employees, the mere fact that they assisted each other in the performance of a duty which they owed to their common employer does not warrant holding that they were engaged in a common enterprise as that term is used in the law of negligence."

Our conclusions are that the defendants were simply co-employees, performing a duty they owed to their common employer, the city of Cincinnati; that none of the elements constituting a joint enterprise, as that term is used in the law of negligence, was shown to exist; that there was no evidence showing circumstances that each defendant had authority, express or implied, to act for the others in the control of the wire or the equipment used in preparing to stretch the wire; that there was no evidence of a common purpose to be accomplished and no evidence of a mutual benefit to be shared by the defendants; that there was no mutual agency upon which the rule of a joint enterprise is based; and that the trial court's ruling, holding the defendants were not engaged in a joint enterprise, was correct.

The other assignments of error relate directly or indirectly to the same question raised by the first assignment of error. We have fully considered each assignment and find no merit in any of them. The judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

DOYLE and HUNSICKER, JJ., concur.

DOYLE and HUNSICKER, JJ., of the Ninth Appellate District and COLLIER, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.