**DURHAM LIFE INSURANCE COMPANY, Appellant**

v.

**Kim COLE, a Widow and as Next Friend for Her Two Minor Children, Appellee.**

**No. 5533.**

Court of Civil Appeals of Texas, Eastland.

Nov. 26, 1980.

Rehearing Denied Dec. 18, 1980.

Roy B. Longacre, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellant.

Charles D. Scarborough, Scarborough, Black, Tarpley & Scarborough, Quay Parker, Abilene, for appellee.

RALEIGH BROWN, Justice.

Kim Cole, a widow, individually and as next friend for her two minor children, sued Durham Life Insurance Company claiming death benefits under a group life insurance policy written by Durham. Trial to the court resulted in a judgment against Durham for $10,000.00 together with a penalty of $1,200.00 and attorney's fees of $5,000.00. Durham Life Insurance Company appeals. We reverse and render.

David Robert Cole, plaintiff's husband, was an employee of K & A Motors of Breckenridge. He was killed in a motorcycle accident on August 17, 1979. On or about July 27, 1979, K & A Motors had made an application for group insurance with Durham which included the name David Robert Cole. The application requested an effective date of August 1, 1979 but contained a provision that "no insurance will become effective without the written approval of the insurer." The written approval was given August 20, 1979 for an effective date of September 1, 1979.

Randy Howell, an insurance agent in Breckenridge, contacted National Retirement and Special Plans owned by Jim Markle regarding the coverage for K & A Motors. It is conceded that Jim Markle is the general agent of Durham Life Insurance Company. Howell discussed the desired effective date of the insurance coverage with National Retirement and Special Plans and believed that if all matters pertaining to the application for insurance were received by the tenth of the month coverage would be effective from the preceding first. The application together with all paper work necessary for the insurance coverage including a check for the premium was mailed to Markle's office on July 30, 1979. The check was deposited by Markle on August 7, 1979.

On August 20, 1979, following Cole's death, Howell contacted Markle's office to determine the effective date of the policy. An unidentified person in the office told Howell August 1 was the effective date. He requested claim forms, since there had been a death. Shortly thereafter, Markle called Howell and stated that coverage had been approved on August 13, 1979 for an effective date of September 1, 1979 and, therefore, the death of Cole was not covered. The instant case resulted from a denial of the claim.

Durham argues that the trial court erred in entering judgment against it because as a matter of law no policy of insurance was in effect on the date of David Robert Cole's death and also because there is no evidence to support the finding that Durham caused the group life insurance policy to be effective as of August 1, 1979.

As with any business contract, life insurance contracts do not become binding until there is a complete agreement between the parties evidenced by an offer and an acceptance. Absent such offer and acceptance, no obligations arise. *Republic National Life Insurance Company v. Hall,* 149 Tex. 297, 232 S.W.2d 697 (1950). The application for insurance in this case clearly stated that there was only one method of acceptance: "written approval of the insurer." It is undisputed that the only written approval given by the insurer was dated three days after David Cole's death. There-

fore, no insurance was effective on the date of Cole's death unless the requirement of written approval was waived. This is apparently the basis for the trial court's finding that defendant caused the insurance to be effective August 1, 1979.

In reviewing Durham's no evidence challenge, we consider only the evidence and inferences most favorable to this finding. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974).

█ The only indication that Durham Life caused the policy to be effective on August 1, 1979, is the hearsay testimony of Randy Howell to the effect that he was told by an unidentified female in Markle's office that August 1, 1979, was the effective date. There is no evidence as to the identity of this female, the capacity in which she was employed or what records she checked to obtain her information. The record is void of any fact which could form the basis of an exception to the hearsay rule. Therefore, no evidence exists to support the finding that Durham Life caused the policy to be effective August 1, 1979. *Big Mack Trucking Company, Inc. v. Dickerson*, 497 S.W.2d 283 (Tex. 1973); *Le Sage v. Pryor*, 154 S.W.2d 446 (Tex. Comm'n App. 1941, opinion adopted); *Southwestern Bell Telephone Company v. Ashley*, 563 S.W.2d 637 (Tex. Civ.App.–Eastland 1978, writ ref'd n. r. e.); *Deaton & Son v. Miller Well Servicing Co.*, 231 S.W.2d 944 (Tex.Civ.App.–Amarillo 1950, no writ).

The judgment of the trial court is reversed, and judgment is rendered that plaintiff take nothing.

DICKENSON, Justice, dissenting.

I dissent. It is clear that Markle's company was a general agent for Durham Life. As general agent it had the power to bind the company. The "unidentified female in Markle's office" was an employee of the general agent, and she made an admission in the course of her employment that "the effective date of the policy was August 1, 1979." This admission appears to me to be competent evidence, and it supports the trial court's finding that the group life insurance policy was effective as of August 1, 1979. At that time Mr. Cole was alive, and he was listed on the application for life insurance which was accepted by Markle's agency. I would affirm the judgment of the trial court.